## C. J. Jones v. The State.

### No. 3167.    Decided March 8, 1905.

**1.—Theft From the Person—Charge of Court Not Signed.**

Where the trial judge fails to sign his charge to the jury the case must be reversed, although it was read and delivered to the jury and taken with them in their retirement.

**2.—Same—Bill of Exceptions—Motion for New Trial—Practice.**

Under article 725, Code Criminal Procedure, exceptions can be taken as well in motion for new trial as by bill of exceptions; but see opinion that if it were necessary to make a completed bill of exceptions the certificate of the judge sufficiently certifies the fact in connection with the motion for new trial that the charge of the court was not signed as required by statute.

Appeal from the District Court of Tarrant. Tried below before Hon. Mike E. Smith.

Appeal from a conviction of theft from the person; penalty, four years imprisonment in the penitentiary.

The opinion states the case.

*Parker & Parker,* for appellant.—McLain v. State, 30 Texas Crim. App., 482; Logan v. State, 40 Texas Crim. Rep., 85; art. 718, Code Crim. Proc.

*Howard Martin,* Assistant Attorney-General, for the State.—It appears that the judge failed to sign his charge, but it is made to appear that the charge in the record is the one he read and delivered to the

jury as the charge in the case. Since the enactment of article 904, Code Criminal Procedure, a defendant cannot avail himself of this omission of the judge, unless it is made an issue in the court below and bill of exceptions duly reserved. This was not done. Therefore, this omission of the judge cannot be considered by this court.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of theft from the person, and given four years in the penitentiary. This is a case of circumstantial evidence.

Exception is taken because the judge failed to sign his charge to the jury. The point was made in the trial court, and the court gave the following certificate: "I hereby certify the above and foregoing is the written charge prepared by the court in this case, to wit: State of Texas v. C. J. Jones, No. 17,029. It was read by the court to the jury in the regular way, and it was delivered by the court to the jury, and was taken by the jury when they retired to consider the case, and was returned into court by the jury when they came with their verdict." This is a sufficient certificate by the judge that the charge was not signed. In fact, it was not signed. The question came up on motion for new trial, and exception was reserved in the motion for new trial, because it was not signed. The above is a certificate of the judge to the effect that the charge was not signed, but was in fact read by him to the jury. Under article 723, Code Criminal Procedure, exception can be taken as well in motion for new trial as by bill of exceptions. If it were necessary to make this a completed bill, we are of opinion that the certificate of the judge sufficiently certifies the fact in connection with the motion for new trial to show that the charge was not signed as required by the statute. The judgment is accordingly reversed and the cause remanded.

*Reversed and remanded.*

Henderson, Judge, absent.